**BIG LAKE OIL CO. v. REAGAN COUNTY et al.**

**No. 4611.**

Court of Civil Appeals of Texas.  El Paso.

Dec. 15, 1948.

Rehearing Denied Jan. 5, 1949.

Harry A. Burnett, of Sinton, and Neill & Lewis, of San Angelo, for appellant.

Shirley W. Peters, of Dallas, and T. R. Johnston, of Big Lake, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Reagan County. As plaintiff the Big Lake Oil Company filed suit against Reagan County, Reagan County Independent School District, the County Judge of Reagan County as such and individually; against the several Commissioners of Reagan County as such and individually; against the County Tax Assessor and Collector of Reagan County as such and individually.

In this opinion the plaintiff, Big Lake Oil Company, will be designated as such, and Reagan County as "defendant". If it is necessary to refer to any other defendants their names will be set forth.

Plaintiff sought the cancellation of a certain back assessment of taxes made by the proper officers of defendant and the enjoining of defendant and its officers from attempting to assess such taxes against plaintiff. The assessment purported to be for the years 1925 to 1930 inclusive, back assessments being made in the year 1947. The County asserted its rights to assess these taxes and sought recovery thereof by way of cross-action. The parties stipulated as to the facts. The trial was before the court without a jury. Judgment was adverse to plaintiff, save that the claim of the Reagan County Independent School District was dismissed, but without prejudice. It was recited in the judgment that the county was without power to assess or collect taxes for the school district. On its cross-action defendant was awarded a recovery in the sum of $149,032.68. The said sum purported to represent taxes, penalties and interest for the years 1925, 1926, 1927, 1928, 1929 and 1930.

As stated, the facts herein are stipulated. It appears that plaintiff had at all relevant times, by assignment or otherwise, oil and gas leases on some 15 or 16 sections of University Land in Reagan County. These leases were in due and legal form, and provided that the lessee should pay as royalty a sum equaling ⅛ of the value of the oil produced and ⅒ of what it sold in gas that might be produced. The leases were under the Act of 1917, Chap. 83, V.A.C.S. art. 5338 et seq.

Paragraph 23 of the agreed Statement of Facts is as follows: "23. Plaintiff duly, regularly and seasonably rendered the properties owned by it in Reagan County including its interest in the oil and gas under said lands for ad valorem taxes as provided by the laws of this State for each of the years 1925 to 1930, inclusive, the tax assessor of said county duly and seasonably assessed and listed plaintiff's interests in said oil and gas leases for taxation in the way and manner set forth below for each of said years all as required by Article 7211, Revised Civil Statutes of Texas, and the Board of Equalization for each of said years fixed the value of the properties assessed and approved said assessments thereon, all as provided in Article 7212, Revised Civil Statutes of Texas, and the action of such Boards of Equalization became final for each of said years, the plaintiff in each instance promptly paid the amounts thus assessed against it on its said properties and was delivered receipts therefor by the Tax Collector of Reagan County."

The above being the facts, it can not be that the officers of Reagan County sought to assess taxes against any property interest of plaintiff by virtue of the leases. Defendants in their brief frankly assert that the taxes were not sought to be assessed against any property interest of plaintiff arising from or connected with the lease. It seeks to assess the taxes against the ⅛ royalty

interest held by the lessor and to collect same. The judgment did not purport to foreclose any lien securing such alleged taxes, nor did defendant's cross-action seek to foreclose any lien.

It was the position of defendant in the trial court, and its position is the same here, that it had the right to assess and collect these taxes against plaintiff although the ⅛ royalty interest was not the property of plaintiff, but was and is the property of another. Defendant claims that it has the right to do this by virtue of Article 7173, Revised Statutes of 1925. This Article, as far as applicable here, is as follows: "Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specially provided by law. * * * "

The parties hereto are not in disagreement as to the interest held by plaintiff under these leases. There can be no question that the leases conveyed to plaintiff or its predecessors in title a determinable fee to all the oil and gas underlying the lands covered by each lease. Acts of 1917, Chap. 83, V.A.C.S., Art. 5338 et seq; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Sawyer v. Robison, 114 Tex. 437, 268 S.W. 151; Theisen v. Robison, 117 Tex. 489, 8 S.W.2d 646; State et al. v. Reagan County Purchasing Co., Tex.Civ.App., 186 S.W.2d (Wr.Ref. N.R.E.) It follows from the above authorities that the fee in the surface remains in the lessor, burdened by the right of lessee to make reasonable use of same in the production contemplated by the conveyance. The estate created is a determinable fee, that is, a fee that may never be terminated or that may be terminated in accordance with the law under which the conveyance was created. The written leases evidenced an act in law by which such determinable fee is vested in the so-called lessee. Prior to the holding of the trial court in this case it has never been held, so far as we have been able to find, that the

royalty due the State under leases of this character was subject to taxation against the lessee. Prior to the attempted assessment of taxes in this case, so far as we have been able to find, never have any taxing authorities sought to compel the lessee to pay taxes on an interest created by the lease in favor of lessor, that is the royalty interest of the grantor.

The construction of administrative officers of the scope and meaning of the law is not binding on the judicial department. However, it is entitled to great weight in the construction or interpretation of the law.

This is especially true where the construction has continued for a long time and by a great number of officers. 39 Tex. Jur. 234–235, par. 125–126.

It is the meaning of the terms at the time of the enactment of the Statute that is sought and that governs. 50 Am.Jur. p. 224, par. 236. It is deemed to be elementary that in order to warrant the assessment and collection of a tax the legal authority must be found in the Constitution or Statutes of the State. It amounts to the taking of the citizen's property. In order that such taking be sanctioned by law authority must be found in the Constitution or in Statutes not contravening the Constitution. It is deemed unnecessary to discuss the question as to whether or not a tax might be levied against the State against a royalty interest. This is not here attempted.

It is thought that there is no necessity of discussing the question of whether the Legislature under the Constitution has the power to assess against the lessor, in a lease of the character under discussion a tax against the royalty interest of the State, for after all the University is but an institution created by the State. Here there is no attempt to assess against the grantor the value of the royalty.

It is to be noted that under the terms of art. 7173 if the lease from the state is for a term of 3 years that same shall be considered for the purposes of taxation as the property of the lessee, in short, he shall be considered the owner; the lessee has some

interest in the property sought to be taxed. Here the lessee has no interest in the property sought to be taxed. The lessee is sought to be taxed on the purchase price he pays for the determinable fee interest in the oil and gas underlying the property in the lease. The portion of art. 7173 relied on here was considered by the Supreme Court in Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99, 101, art. 4691, R.S.1879, in which Judge Stayton writing the opinion, quoted Article 4691: "property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this state, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all purposes of taxation as the property of the person so holding the same, except as otherwise specially provided."

There it was sought to hold the lessee liable under a grazing lease for a term of 10 years for the full value of the property. In the opinion it is stated: "In cases to which article 4691 is applicable, it must be held that it was the intention of the Legislature only to impose on the lessee a tax based on the value of the 'taxable leasehold estate', and not impose upon him a tax based on a sum equal to the full value of the real estate, to be ascertained as provided in subdivisions 1, 2, 3, art. 4692, Rev.St."

■ Here it is sought to tax against plaintiff the royalty which is a burden and not an asset to which it has no manner of title. It is further sought to tax against the grantee the price he paid for the property. The price might be, and perhaps was the fair value of the property. Upon the fair value of the property from year to year presumptively plaintiff has paid taxes. Under the agreement as to the facts it has made such payments. In our opinion art. 7173 does not apply to oil and gas leases on University lands. As to the oil and gas underlying the land, the extent of lessor's interest is a contingent and reversionary interest. This contingent reversionary interest is as to all of the oil and gas under the leased area. Art. 4691 of the Revised Statutes of 1879 contains in substance the part of art. 7173 relied on here. This was passed long before a conveyance such as is provided for in the Act of 1917 authorizing oil and gas leases as to University lands. Art. 7173 in its present form was passed in 1905, over ten years before the Act of 1917 authorizing so-called oil and gas leases which have been construed as vesting a fee estate in the oil and gas in place. Under the Leasing Act of 1917 the so-called lease occupies the same status as a grant from the State. Sawyer v. Robison, 114 Tex. 437, 268 S.W. 151, 153.

■ Under a true lease there is a reversion. The interest granted is certain to terminate in accordance with the term limited by the lease. Here the reversion is at best only contingent. The so-called lease is something more than a contract to sell, something more than a lease creating the relation of lessor and tenant, it evidenced an act in law whereby the grantee is invested with an estate in the minerals, the conveyance of which it attests. "It concedes to the lessee and his assigns all the right and title of the state to the estate dealt with, under the conditions stated therein, the same as a patent conveys the title of the state to land." Sawyer v. Robison, supra.

■ Again, under art. 7173, by the very terms thereof the interest of the lessee is assessed as though the lessee owned the fee. Under the provisions of art. 7173 it is contemplated that the lessee have possession of the land taxed. Here the lessee, or more properly, grantee, does not have the use or possession of the interest taxed. Here, as has been said, it is thought the tax is not on a property right of lessee but on a burden imposed, that is, the duty owing to another is taxed as a property right. If art. 7173 be construed in accordance with the contention of defendant, plaintiff would be taxed not on the value of its property interest but on the purchase price of the land. This would amount to a double taxation, economically unsound, and we believe unauthorized by law. A construction that authorizes double taxation should not be adopted unless the language used admits of no other construction. 51 Am.Jur. p. 340, Par. 286.

Art. 7173 is to be construed not in the light when the construction is given, but the meaning thereof is the meaning attached thereto by the Legislature at the time of the passage of the Statute. 50 Am.Jur. 224, Sec. 236.

There is neither legal nor logical basis to compel plaintiff to pay taxes on property it does not own.

In view of the fact that it is believed that art. 7173 relied upon by the defendants as authorizing the imposition of the tax does not give the authority, the other questions raised in the brief of appellants are not discussed.

It is ordered that the portion of the judgment awarding the money recovery against the plaintiff be in all things reversed and judgment is here rendered that defendants take nothing by reason of their cross-action against plaintiff; further that the judgment dismissing the cause of action asserted on behalf of Reagan Independent School District be in all things affirmed; further that defendants and each of them be and hereby are permanently restrained from assessing or collecting such tax against the royalty interest the property of lessor.

SUTTON, J., did not participate.

On Petition for Rehearing.

Rehearing denied.

SUTTON, Justice.

I desire on the motion for a rehearing to take advantage of my opportunity to give expression to my views of this case and to fully concur in the decision of the one simple issue presented in the case, on the record made. The taxing authorities erroneously, under the provisions of art. 7173, sought to impose a tax on a leasehold. Notwithstanding the fact these instruments are generally referred to and described as leases everywhere, they are not. As is noted in the original opinion, it is firmly established by the decisions of the Supreme Court, as it had to be, that these so-called leases are conveyances and vest the title in the grantees as to the whole of the oil and gas and not merely to the seven-eighths thereof as is usual in oil and gas leases made by private individuals. The authorities are cited. The relationship is that of grantor and grantee and not lessor and lessee, and art. 7173 can have no application, and the levy and collection sought to be made should have been enjoined. The whole of the oil and gas is sold for a determinable consideration. As is further noted, the payments made to the State, or University, is purchase money and not royalty payments.

In ordinary oil and gas leases the lessees get what is described as a working interest, usually a seven-eighths. The land owner, the lessor, retains an interest, usually a one-eighth described as a royalty. He can split that interest up and sell to others as he sees fit. In these conveyances the State retains no interest; it has no interest left in the oil and gas to sell to another. The grantees get it all and may produce it and store it or use it themselves as they see fit. It is thought there is no such thing as a royalty interest in the State. To say under these conveyances only seven-eighths of the oil and gas is subject to taxation is but to say one may own something in toto but is only liable for taxes on a part thereof because he paid too much for it or for some cause. It is perfectly clear to me the whole eight-eighths of this mineral interest is subject to taxation, because the taxes must follow the ownership, so long as the equal and uniform provisions of the law are not violated.

Insofar as what may be construed in the opinion and the judgment to be contrary to these views briefly stated, then to that extent I disagree.