Laura Lynn **LEWIS**, Plaintiff,

v.

**PENTHOUSE INTERNATIONAL, LTD., et al., Defendants.**

Civ. A. No. H–91–1901.

United States District Court, S.D. Texas, Houston Division.

April 17, 1992.

132

Warren Royal Taylor, Floyd Taylor & Riley, Houston, TX, for plaintiff.

Kenneth David Hughes, Houston, TX, for defendants.

## ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court is Defendants' motion to dismiss for failure to state a claim. At a motion hearing the Court held that the motion to dismiss would be construed as a motion for summary judgment and the parties were given an opportunity to submit additional briefing. Also pending are various discovery motions. Extensive briefing has been submitted by the parties and considered by the Court. After careful review the Court finds that Defendants' motion for summary judgment should be granted making all other motions moot.

Plaintiff's relationship with Defendants began in March of 1986 when she was "discovered" by a free-lance photographer while on spring break in Fort Lauderdale, Florida. Her pictures first appeared in *Penthouse* magazine in November 1987 and thereafter she performed promotional activities on behalf of the magazine. In 1989 Plaintiff was nominated as a contestant for Penthouse Pet of the Year for 1990. In conjunction with the contest Plaintiff executed a Pet of the Year Candidate's Agreement in April 1989. This contract explicitly set forth the obligations of

the parties if the contestant was selected. Plaintiff acknowledges she read and understood the contract before it was signed.

Plaintiff was ultimately chosen Pet of the Year for 1990. She contends she was not awarded all of the prizes she was promised and that those that were offered were overvalued. She has filed this lawsuit against Defendants asserting breach of contract as well as numerous tort claims including, but not limited to fraud, fraudulent inducement, unjust enrichment and constructive trust. Defendants contend that if Plaintiff has a claim it is in contract; but, that cause of action is negated by the express terms of the contract. In addition, Defendants believe that since Plaintiff has been tendered every prize her contract claim is *de minimis.*

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Plaintiff contends that she is unable to prepare an adequate response to Defendant's motion because until December 20, 1990 discovery was limited to jurisdictional issues. She believes more extensive discovery must be done on the merits. Defendants contend, and the Court agrees, that all that is necessary is the contract itself. There is no need for additional discovery to discern the particulars of the alleged misrepresentations since they were purportedly made directly to Plaintiff. Plaintiff has failed to show how additional discovery will enable her to rebut Defendant's showing of the absence of any genuine issue of material fact.

■ Plaintiff filed this lawsuit to recover the benefit of her bargain under her contract with Penthouse. Defendant's duty to deliver the prizes arises solely from the contract which explicitly sets forth the specific characteristics of the Pet of the Year Program. According to the agreement Defendant is only required to tender to the winner prizes actually made available to Penthouse. It does not guarantee delivery and makes no representations or warranties regarding the retail value of these gifts. That information is provided by the supplier. The contract further states that any failure to collect or request a prize shall be at the contestant's risk.

The Texas Supreme Court has held that "parties to a contract have an obligation to protect themselves by reading what they sign." *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962). "A party to a written agreement is charged as a matter of law with knowledge of its provisions and as a matter of law cannot claim fraud when he is bound to the provisions unless he can demonstrate that he was tricked into its execution". *Texas Export Development Corporation v. Schleder,* 519 S.W.2d 134, 139 (Tex.Civ. App.—Dallas, 1974) (citations omitted). The record shows that the parties were dealing at arms-length. Defendant mailed the contract to Plaintiff in Texas for her signature. She had an opportunity to consult with a lawyer before signing but chose not to do so. Plaintiff certified that she had thoroughly read and understood the contract and she is bound by this act even though she now states that she did not read the contract "in detail." "A party in an arms-length transaction is charged with the obligation of reading what [s]he signs and, ... cannot avoid the consequences of the instruments [s]he signs on the ground that [s]he did not know what [s]he was signing." *Farina v. Calvary Hill Cemetery,* 566 S.W.2d 650, 652 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.) (citations omitted).

Plaintiff has produced no evidence of trickery or deceit. She attempts to argue that a confidential relationship was created between the parties during Plaintiff's employment and that as a result she placed her trust and confidence in Defendants. She contends this one sided relationship relieved her of her duty to carefully read the contract documents. The Court finds no evidence that

such a relationship existed or that Plaintiff has demonstrated she should not be held responsible for what she signed.

In an attempt to boost her frivolous contract case based on a very explicit document, Plaintiff has thrown in every possible tort claim imaginable. The Court has carefully analyzed these claims but it is impossible to find that this is anything more than a contract case. But for the contract with Defendant Plaintiff would have no basis for a claim for failure to perform. The bottom line is that Plaintiff claims she was injured by entering into the contract and her injury is depicted by the prize package as represented and the package that was actually delivered.

The contract clearly spells out the rights of the parties and details the services Plaintiff was to perform. It is uncontested Plaintiff was paid an annual salary of $25,000 for her performance. Plaintiff was also given additional compensation "in the form of the opportunity to collect all of the Pet of the Year prizes indicated in *Penthouse* Magazine ... which are in fact made available to Penthouse by their supplier(s)...." *See* Contract at 5, ¶ 4(b)(ii). Defendant has a duty to "use its best efforts to have each prize made available ... and shall not include in the magazine any prize without a good-faith belief that it will be provided." *Id.* at ¶ 4(b)(ii)(A).

It appears the primary prize that was not delivered and resulted in Plaintiff's dissatisfaction with Defendants was a Heritage Legacy automobile. When the vehicle was not delivered, Defendant filed suit against its supplier and eventually obtained access to the automobile. However, Plaintiff's attorneys rejected the tender. These undisputed facts show that Defendant exercised its best efforts to obtain the car for Plaintiff.

■ In an effort to avoid the inevitable Plaintiff attempts to establish a fraud claim by alleging that the prizes were offered without any intention that they be delivered. The evidence shows that Defendant did not negotiate with the suppliers until after Plaintiff signed her contract. There is simply no proof Defendants intended in April 1989 not to deliver the prizes. The fact that Defendant has experienced problems in the past with its suppliers and complete gift packages have not been provided to some of the previous winners is irrelevant. Plaintiff contends that an intent to defraud is illustrated by the fact that lawsuits have been filed by former winners. The Court disagrees. If anything, these lawsuits would deter Defendants from intentionally harming future winners.

■ Although Plaintiff is seeking millions of dollars in damages, at most, her damages amount to the difference between the prizes she was promised and those tendered. Where the only injury is an economic loss exemplary damages are not recoverable. *See, e.g. Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, 156 (Tex.App.—Texarkana 1988, writ denied); *C & C Partners v. Sun Exploration & Production Co.,* 783 S.W.2d 707, 718–720 (Tex.App.—Dallas 1989, writ denied).

■ The claims regarding the value of the prizes are negated by the contract itself. It specifically states that their value was provided by the suppliers and that Defendant makes no warranties or representations as to that value. In addition, Plaintiff has not provided the Court with any evidence that the values were different than alleged. The record shows that Defendant did not select the suppliers until several months after Plaintiff signed her contract. Therefore, any representations regarding their value could not constitute fraudulent inducement. The contract had already been executed.

Based on the record as a whole the Court finds that this is a contract dispute and Plaintiff has failed to state a claim under any of the tort theories set forth in her pleadings. Plaintiff's contract claim is barred as a matter of law for the reasons set forth above. As a result, it is

ORDERED that Defendants' motion to dismiss for failure to state a claim (entry # 7) which has been construed as a motion for summary judgment is GRANTED. It is further

ORDERED that all other motions (entries 29, 33, 34, & 36) are DENIED as MOOT.

IT IS SO ORDERED.