In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00058-CV


______________________________




WRIGHT'S, Appellant



V.



RED RIVER FEDERAL CREDIT UNION, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 99C0528-102




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Wright's automobile repair shop ("Wright's") sued Allstate Insurance Company ("Allstate"),
Red River Federal Credit Union ("Red River"), and Michael Turner to recover the cost of repairing
a vehicle. Allstate was the insurer of the party liable for the accident that damaged the vehicle; Red
River financed the purchase of the vehicle; and Turner owned the vehicle. The trial court granted
summary judgment in favor of Red River on all of Wright's claims. Wright's appeals the trial court's
ruling. We will review whether Wright's timely perfected its appeal, and to what extent summary
judgment was proper.

 Although this appeal only concerns Wright's claims against Red River, it is necessary to
identify the claims that Wright's brought against the other defendants. Against Allstate, Wright's
alleged "a breach of their contract of insurance [which] is also in violation of the terms of the
[Deceptive Trade Practices Act]." Against Red River, Wright's alleged common-law fraud. Against
all three defendants, Wright's alleged negligent misrepresentation; breach of contract; and a violation
of the Texas Insurance Code.

 Wright's did not allege a DTPA violation against Red River. Red River nevertheless moved
for summary judgment against claims by Wright's of violation of the DTPA and for negligent
representation. And although Red River made no mention in its summary judgment motion of
Wright's claims based on breach of contract, common-law fraud, or violation of the Insurance Code,
the trial court granted summary judgment in its favor against all of Wright's claims including,
apparently, the nonexistent DTPA claim. 

 We recognize that the Insurance Code does include a provision incorporating part of the
DTPA by providing a cause of action for "unlawful deceptive trade practices" as defined under the
DTPA, Section 17.46. See Tex. Bus. & Com. Code Ann. § 17.46(b) (Vernon Supp. 2002) ("laundry
list" of specific acts declared to be unlawful trade practices); Tex. Ins. Code Ann. art. 21.21, § 16(a)
(Vernon Supp. 2002). However, Wright's did not sue on the DTPA laundry list provision as
incorporated by the Insurance Code; rather, Wright's specifically alleged a separate violation of the
Insurance Code. Wright's alleged that Red River and the other two defendants "engaged in unfair
or deceptive practices in violation of Tex. Ins. Code Ann. art. 21.21, § 4(1) by making or causing
to be made any statement misrepresenting the terms, benefits, or advantages of an insurance policy." (1) 
Article 21.21, § 16(a), which is the provision of the Insurance Code that incorporates the DTPA,
specifically distinguishes between the Section 4 claim that Wright's brought and claims alleging
DTPA violations. (2) Even though it appears from their appellate briefs and Red River's motion for
summary judgment that both Red River and Wright's have been under the impression that Wright's
had in fact brought a DTPA claim against Red River, Wright's alleged an Article 21.21, § 4,
Insurance Code violation against Red River, not a DTPA section 17.46(b) violation, as it did against
Allstate. See Tex. Ins. Code Ann. art. 21.21, § 4 (Vernon Supp. 2002). Consequently, the only
ground on which Red River properly moved for summary judgment was the negligent
misrepresentation claim.

 Given this fact and the fact that the trial court made a general grant of summary judgment
in favor of Red River against all of Wright's claims, the only proper issues for our review are whether
Wright's timely perfected its appeal; whether the trial court properly granted summary judgment
against Wright's on its negligent misrepresentation claim; and whether the trial court erred in
granting Red River more summary judgment relief than it requested. 

 In order to perfect an appeal, a notice of appeal must be filed within thirty days after the
judgment is signed if no motion for new trial, motion to modify, motion to reinstate, or proper
request for findings of fact and conclusions of law is timely filed. See Tex. R. App. P. 26.1. No such
motion or request was made in this case. Thus, the notice of appeal must have been filed within
thirty days after the judgment was signed in order to be timely. The trial court signed the order
granting Red River's summary judgment motion on July 5, 2000. The last remaining defendant was
Turner, who was dismissed by an agreed order on April 11, 2001. Wright's filed its notice of appeal
on April 27, 2001. Wright's argues that the judgment in favor of Red River became final on April
11 when Turner was dismissed from the suit. Red River argues that, as far as it was concerned, the
judgment became final thirty days after July 5, 2000, the date on which the order granting it summary
judgment was signed, and thus, Wright's appeal was untimely filed.

 The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only
from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Where there
has not been a conventional trial on the merits, such as when summary judgment has been granted,
an order or judgment is not final for purposes of appeal unless it actually disposes of every pending
claim and party, or unless it clearly and unequivocally states that it finally disposes of all claims and
all parties. Id. at 205. As stated by the Texas Supreme Court, "[l]anguage that 'plaintiff take nothing
by his claims against X' when there is more than one defendant or other parties in the case does not
indicate finality." Id. Thus, in the instant case, the order granting summary judgment in favor of
Red River did not become final until Turner, the last defendant, was dismissed from the suit. 
Because Wright's filed its notice of appeal within thirty days of the date of Turner's dismissal, its
notice of appeal was timely.

 The next issue is whether the trial court properly granted summary judgment against Wright's
on its negligent misrepresentation claim. The propriety of summary judgment is a question of law. 
We review the trial court's summary judgment decision de novo. Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
 With a traditional motion for summary judgment, the movant bears the burden of establishing
that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
A defendant moving for summary judgment must negate at least one element of each of the plaintiff's
theories of recovery, Gibbs v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970), or must plead
and conclusively establish each element of an affirmative defense. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). If the moving party does not meet its burden of
proof, the nonmovant has no burden and the motion must fail. See id. However, if the moving party
produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present
evidence that raises a material fact issue. Phan Son Van v. Pena, 990 S.W.2d 751, 752 (Tex. 1999);
Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true;
every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in
its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d at 548-49.

 The elements of negligent misrepresentation are: (1) the defendant made a representation
in the course of business or a transaction in which the defendant had a pecuniary interest; (2) the
defendant supplied false information for the guidance of others in their business; (3) the defendant
did not exercise reasonable care or competence in obtaining or communicating the information; and
(4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. Fed. Land Bank
Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991); Facciolla v. Linbeck Constr. Corp., 968
S.W.2d 435, 442 (Tex. App.-Texarkana 1998, no pet.). In this case, the party liable for the wreck
was insured by Allstate and Red River had a lien on the wrecked vehicle to recover its financing. 
In its first amended petition, Wright's alleged that Red River made misrepresentations to Allstate for
the purpose of securing monies from Allstate and avoiding rightful payment to Wright's. Red River
satisfied its initial summary judgment burden of proof by submitting along with its motion an
affidavit from its collection manager stating that no Red River personnel had knowledge that the
vehicle had been repaired until after the repairs had been completed, and that no Red River personnel
made any representation to Wright's concerning the vehicle. 

 As evidence of negligent misrepresentation, Wright's points to statements made in a letter 
sent by a representative of Red River to Allstate. In the letter, the representative explained that Red
River had a security interest in the vehicle and he "would appreciate [Allstate] re-opening this claim
to insure that [Red River's] interest is protected and that the repair shop is paid in order that [Red
River] might take possession of the vehicle." The letter was written in December of 1998. It
references the fact that Wright's had levied a daily storage fee that had been accruing since mid-August. It is clear from the contents of the letter that Wright's had completed the repair work
approximately four months before the letter was even written. Wright's, therefore, could not have
done the repairs to the vehicle in reliance on any representation made in the letter from Red River
to Allstate. The element of justifiable reliance has essentially been negated by the only evidence that
Wright's proffered. Summary judgment in favor of Red River was therefore proper as to this claim. 

 Returning briefly to the issue of whether Wright's raised a DTPA claim against Red River,
we note that a party must recover in the right on which he sues, and by proof of the facts stated in
the pleadings, and cannot recover through a right not asserted. See Huddleston v. Pace, 790 S.W.2d
47, 50 (Tex. App.-San Antonio 1990, pet. denied). This principle requires that a party's pleadings
give fair notice of the basis of a claim for affirmative relief. Tex. R. Civ. P. 45, 47. The opening
sentence of Wright's amended petition against the three different defendants reads, "COMES NOW,
Plaintiff, Wright's, and files this its Original Petition pursuant to the Texas Bus. and Com. Code
17.51 et seq (3) (DTPA) and the Texas Insurance Code §21.21 and breach of contract." Thereafter,
Wright's refers to either "Defendants" generally, or to a particular defendant by name, and specifies
which particular claims it is bringing against which defendants. Given this specificity, it would be
highly misleading, to say the least, to read the petition's first sentence as applying to all three
defendants. We therefore conclude that Wright's did not plead a DTPA cause of action against Red
River.

 Finally, we consider whether the trial court erred in granting Red River more summary
judgment relief than it requested. As previously stated, in addition to its negligent misrepresentation
claims against Red River, Wright's alleged breach of contract, common law fraud, and a violation
of the Insurance Code. Although Red River made no mention in its summary judgment motion of
these three other claims, the trial court nevertheless granted summary judgment against "all claims"
brought by Wright's against Red River. A summary judgment movant may not be granted judgment
on a claim or cause of action not addressed in its motion. Black v. Victoria Lloyds Ins. Co., 797
S.W.2d 20, 27 (Tex. 1990); see also Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564
(Tex. 1983) (per curiam) ("It is axiomatic that one may not be granted judgment as a matter of law
on a cause of action not addressed in a summary judgment proceeding."). Whatever may be the
underlying facts, summary judgment granting more relief than requested is erroneous. 

 We affirm the summary judgment insofar as it pertains to Wright's negligent
misrepresentation  claim.  The  judgment  so  far   as  it  pertains  to  Wright's  other  claims  against 





Red River is reversed, and those claims are severed from the negligent misrepresentation claim and
remanded to the trial court for further proceedings.



 William J. Cornelius

 Chief Justice


Date Submitted: March 12, 2002

Date Decided: March 27, 2002


Publish
1. Article 21, § 4, reads:

The following are hereby defined as unfair methods of competition and unfair and deceptive acts or
practices in the business of insurance: 

(1) Misrepresentations and False Advertising of Policy Contracts. Making, issuing, circulating, or
causing to be made, issued or circulated, any estimate, illustration, circular or statement
misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised
thereby or the dividends or share of the surplus to be received thereon, or making any false or
misleading statements as to the dividends or share of surplus previously paid on similar policies, or
making any misleading representation or any misrepresentation as to the financial condition of any
insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or
title of any policy or class of policies misrepresenting the true nature thereof, or making any
misrepresentation to any policyholder insured in any company for the purpose of inducing or tending
to induce such policyholder to lapse, forfeit, or surrender his insurance. 


Tex. Ins. Code Ann. art. 21.21, § 4(1) (Vernon Supp. 2002).
2. It reads in pertinent part:

 Any person who has sustained actual damages caused by another's engaging in an act
or practice declared in Section 4 of this Article to be unfair methods of competition
or unfair or deceptive acts or practices in the business of insurance or in any practice
specifically enumerated in a subdivision of Section 17.46(b), Business & Commerce
Code, as an unlawful deceptive trade practice may maintain an action against the
person or persons engaging in such acts or practices.


 Tex. Ins. Code Ann. art. 21.21, § 16(a) (Vernon Supp. 2002) (emphasis added)..
3. The particular section to which Wright's cites was repealed in 1977. See Act of May 10,
1977, 65th Leg., R.S., ch. 216, §§ 10-13, 1977 Tex. Gen. Laws 600, 605.