

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00008-CV

_____

ANNIE LOUISE EDWARDS, Appellant

V.

GAYLON RAINS, Appellee

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2008-250

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In late 2007, Annie Louise Edwards, an illiterate sixty-seven-year-old, and Gaylon Rains, a real estate developer, signed a writing under which Edwards agreed to purchase from Rains a house in Henderson.[1]   Not a year later, after a dispute arose,[2] Edwards stopped paying Rains, yet continued to live in the house.   Rains' lawsuit against Edwards for breach of contract and seeking possession of the property was met with Edwards' counterclaims asserting causes of action against Rains related to the agreement and causes of action related to a will and power of attorney Edwards signed, alleging a number of things, including fraudulent inducement, breach of contract, breach of fiduciary duty, negligent and intentional misrepresentation, fraud in a real estate transaction, and various violations of the Texas Property Code.

By summary judgment, the trial court denied Edwards' claims related to the house sale, excepting her claim for breach of contract.   At trial, the court found the agreement an

---

[1]On April 10, 2008, Edwards executed a last will and testament, durable power of attorney, and medical power of attorney, naming Rains variously as executor, sole beneficiary, and attorney-in-fact.   Those matters were also made part of the lawsuit.   In her brief, Edwards argued:

> [Rains] is not entitled to a traditional and no-evidence motion for summary judgment on claims related to the execution of Mrs. Edwards' Will and Powers of Attorney because the summary judgment evidence establishes that Mrs. Edwards suffered economic damages as a result of [Rains'] actions.

The trial court's order specifically denied Rains' motion for summary judgment as to Edwards' claims of fraud, negligent misrepresentation, and intentional misrepresentation, "insofar as those claims relate to the execution of her last Will & Testament, her Durable Power of Attorney and her Medical Power of Attorney."   Because of the procedural posture of this appeal, we do not address those matters.

[2]The dispute arose in July 2008.

unenforceable contract, entered a directed verdict for Rains on "all counterclaims and affirmative defenses asserted by" Edwards, and entered a directed verdict for Edwards on Rains' claim for breach of contract. The jury assessed various attorneys' fees, but the trial court ordered the parties to bear their own attorneys' fees.[3]

On appeal, Edwards argues that: (A) granting Rains summary judgment on Edwards' contract-related counterclaims of fraud, fraud in a real estate transaction, negligent and intentional misrepresentation, and Property Code violations was error; (B) failing to award attorneys' fees to Edwards through trial was error because she prevailed on her contract claim; and (C) failing to award attorneys' fees to Edwards for appeal was error. By cross-appeal, Rains argues that failing to award him attorneys' fees was error, because he prevailed on his claim of forcible entry and detainer.

We affirm the judgment in part, and reverse and remand in part,[4] because: (1) the terms of the agreement defeat Edwards' reliance as a matter of law; (2) fact issues remain regarding

---

[3]Before trial, the trial court had granted Rains' traditional and no-evidence motions for summary judgment regarding Edwards' contract-related counterclaims of fraud, fraud in real estate transaction, and deceptive trade practices, but denied the motion regarding her estate-related claims and her claim for breach of fiduciary duty. At the September 13, 2010, jury trial, at the close of evidence, the trial court found that, as a matter of law, there was no legally enforceable contract between Rains and Edwards because there was no meeting of the minds regarding material terms. As a result of that finding, the trial court entered a directed verdict in favor of Rains on "all [of Edwards'] counterclaims and affirmative defenses," entered a directed verdict in favor of Edwards as to Rains' claim for breach of contract, and awarded Edwards the $34,000.00 she paid under the contract, subject to offset for rent and damages. The jury found that $34,785.00 would compensate Rains for rent and damages to the property. The jury assessed to Rains $14,000.00 in attorneys' fees for trial, $5,000.00 for appeal, and $2,500.00 for appeal to the Texas Supreme Court; the jury assessed to Edwards $7,000.00 in attorneys' fees for trial and nothing for appeal. In the final judgment, the trial court held that "both parties shall bear their own attorney's fees."

[4]The parts affirmed and those reversed are set out at the end of this opinion.

Edwards' claims under the Texas Property Code; (3) Edwards was not awarded damages on her contract claim, and the evidence supports the finding of no attorneys' fees on appeal; and (4) Rains did not give Edwards the statutory notice under Section 24.006 of the Texas Property Code.

*(1)      The Terms of the Contract Defeat Edwards' Reliance as a Matter of Law*

Edwards' contract-related counterclaims of negligent and intentional misrepresentation, fraud, and fraud in real estate transaction were disposed of by the trial court by summary judgment. Edwards argues that this was error.

When reviewing a traditional summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show that there is no material fact issue and that the movant is entitled to judgment as a matter of law. *McNamara*, 71 S.W.3d at 311; *Steel*, 997 S.W.2d at 223; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979).

In a Rule 166a(i) no-evidence summary judgment, the movant represents that no evidence exists as to one or more essential elements of the nonmovant's claims, on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The nonmovant then must present evidence raising a genuine issue of material fact on the challenged elements. *Id*. To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal all

proof; the response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i) cmt.

A no-evidence summary judgment is essentially a pretrial directed verdict. Therefore, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wal-Mart Stores*, *Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.*; *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.—Texarkana 2001, pet. denied). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his or her claim. *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart*, *Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.).

In our review, we consider all the summary judgment evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms.*, *Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

In his motions for summary judgment, Rains argued that Edwards' contract-related claims of fraud and misrepresentation were defeated as a matter of law because she could not rely on oral statements that contradicted the terms of the agreement. In the summary judgment evidence attached to her response, Edwards claimed that Rains agreed to sell her the home for $69,000.00,

5

but that the contract sales price was $86,900.00.[5]

Common-law fraud, statutory fraud in a real estate transaction, negligent misrepresentation, and intentional misrepresentation, all require the plaintiff to justifiably rely on a representation from the defendant. *See* TEX. BUS. & COM. CODE ANN. § 27.01 (West 2009) (fraud in real estate transaction); *In re First Merit Bank*, *N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (common law fraud); *Ernst & Young*, *L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (intentional misrepresentation claim); *Wright's v. Red River Fed. Credit Union*, 71 S.W.3d 916, 920 (Tex. App.—Texarkana 2002, no pet.) (negligent misrepresenation).

In this case, the terms of the agreement, specifically the sales price, are unambiguous.[6] Edwards is relying on an alleged prior oral statement that contradicts an unambiguous term within the agreement. Edwards' claims of misrepresentation and fraud require proof that she justifiably relied on representations from Rains. "[R]eliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not

---

[5]Edwards also produced evidence that: (1) the $30,000.00 in escrow was to be held until closing, but was not; (2) after making several payments, Rains began demanding $800.00 per month, rather than the contractually mandated $500.00 per month; and (3) Rains was listed as the escrow agent, even though the contract stated that the escrow agent would not be a party to the transaction. Those allegations are grounds for breach of contract, rather than fraud. The trial court found the contract to be unenforceable, and no one challenged that finding. Therefore, we do not address the merits of those claims.

[6]The agreement's stated date of closing is June 1, 2007, which appears to predate its execution, though the agreement, itself, is undated. The parties disagreed on the correct closing date.

6

justified as a matter of law."[7]  *DRC Parts & Accessories*, *L.L.C.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see Garcia v. Vera*, 342 S.W.3d 721 (Tex. App.—El Paso 2011, no pet.).  Accordingly, we overrule this point of error and affirm the summary judgment as to Edwards' claims for negligent and intentional misrepresentation, fraud, and fraud in a real estate transaction.

Next, we turn to the summary judgment regarding Edwards' claims for violations of the Texas Property Code.

*(2)   Fact Issues Remain Regarding Edwards' Claims Under the Texas Property Code*

Edwards also contends that the trial court erred in granting Rains summary judgment on Edwards' claims under the Texas Property Code, because the contract was an executory contract and Rains' deposition testimony admitted several violations.  We agree with Edwards that her claims under the Texas Property Code survive.

Edwards' counterclaims against Rains included the following causes of action:

10.01  Mr. Rains induced Ms. Edwards into signing a real estate sales contract on a residential property which required Ms. Edwards to make monthly installment payments supposedly toward the purchase price.  Further, Mr. Rains was not required to deliver a deed to Ms. Edwards for more than 180 days from the signing of the contract.

---

[7]A party in an arms-length transaction is charged with the obligation of reading what he or she signs and cannot avoid the consequences of the instrument on the ground that he or she did not know what was in it.  *Farina v. Calvary Hill Cemetery*, 566 S.W.2d 650, 652 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.).  Every person having the capacity to enter into a binding contract is held to know what words were used in the contract, to know their meaning, and to understand their legal effect.  *Amouri v. Sw. Toyota, Inc.*, 20 S.W.3d 165 (Tex. App.—Texarkana 2000, pet. denied).

10.02 Mr. Rains violated multiple provisions of Subchapter D of Title 2, Chapter 5 of the Texas Property Code, including, but not limited to the following:

    a.      Failing to give the notice required by Section 5.063;

    b.      Failing to provide Ms. Edwards with a survey as required under Section 5.069(a)(1);

    c.      Failing to provide Ms. Edwards with a copy of the promissory note describing the outstanding lien on the property under Section 5.069(2);

    d.      Failing to provide Ms. Edwards with a disclosure required by Section 5.069(3);

    e.      Failing to provide Ms. Edwards with a tax certificate as required by Section 5.070(a)(1);

    f.      Failing to provide Ms. Edwards with a copy of the insurance policy covering the property as required by Section 5.07(2);

    g.      Failing to provide Ms. Edwards with the notice required by Sections 5.071 and 5.072;

    h.      Failing to record the contract as required by Section 5.076;

    i.      Failing to provide an annual accounting as required by Section 5.077;

    j.      Failing to inform the insurer of the contract and misappropriating proceeds from an insurance claim under Section 5.078; and

    k.      Failing to comply with Section 5.085 of the Texas Property Code due to the fact there was a lien on the property at the time the contract was signed.

Claims under Section 5.061 et seq. apply only to executory contracts, where the contract provides for the delivery of a deed more than 180 days from the date of the contract's execution. TEX. PROP. CODE ANN. § 5.062 (West 2004). The parties dispute whether this subchapter applies to this case. Since the contract itself is undated, it is unclear exactly when the contract was executed. It is also unclear when the contract calls for the delivery of the deed. The contract shows a closing date of June 1, 2007, which appears to predate the execution of the contract. The parties disagree on when closing was supposed to occur. Rains testified that they agreed to a June 2008 closing, whereas Edwards testified to an undetermined closing date ("[W]e didn't have an arrangement back then . . . said as soon as my money comes in, I'll pay you.").

Considering, as we must, all the evidence in the light most favorable to Edwards and disregarding all contrary evidence and inferences, we find that the date of execution, the date of closing, and the general applicability of the referenced provisions of the Texas Property Code are disputed material issues. *See Havner*, 953 S.W.2d at 711. Because Rains failed to establish that he was entitled to summary judgment as a matter of law on these claims, granting summary judgment was error as to these claims. We reverse the summary judgment insofar as it relates to Edwards' claims under the Texas Property Code, and remand the case for further proceedings.

*(3)*     *Edwards Was Not Awarded Damages on Her Contract Claim, and the Evidence Supports the Finding of No Attorneys' Fees on Appeal*

In the answer to Jury Question No. 3a, the jury assessed Edwards $7,000.00 in attorneys' fees for "preparation and trial," but assessed $0.00 for attorneys' fees on appeal and appeal to the

9

Texas Supreme Court. In the final judgment, the trial court held that "both parties shall bear their own attorney's fees." Edwards argues that the trial court erred in failing to award her attorneys' fees because she prevailed on her contract claim and that there is insufficient evidence to support the jury's award of nothing for attorneys' fees on appeal.

We review de novo a trial court's ruling regarding attorneys' fees. *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537 (Tex. App.—Dallas 2005, no pet.). Attorneys' fees are recoverable from an opposing party only as authorized by statute or by contract between the parties. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). In oral or written contract cases, Chapter 38 of the Texas Civil Practice and Remedies Code allows recovery of attorneys' fees, in addition to the amount of a valid claim. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). The award of attorneys' fees to a party recovering on a valid contract claim is mandatory. *West v. Brenntag Sw., Inc.*, 168 S.W.3d 327 (Tex. App.—Texarkana 2005, pet. denied). In order to recover fees, a party must (1) prevail on the breach of contract claim and (2) recover damages.[8] *MBM Fin. Corp.*, 292 S.W.3d at 666; *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

Here, the trial court found that, because there was no "meeting of the minds," there was no

---

[8]The requirement of damages is implied from the statute's language, "in addition to the amount of a valid claim," so the claimant must recover some amount on that claim. *MBM Fin. Corp. v. Woodlands Operating Co*., 292 S.W.3d 660, 666 (Tex. 2009).

10

enforceable contract between the parties. The trial court then entered a directed verdict in Edwards' favor as to Rains' claim for breach of contract. "Based on these findings," the trial court held that Edwards was "entitled to recover the sum of $34,000.00 previously paid to [Rains] under the putative contract subject to an offset for rent and damages."[9] Edwards argues that because "the trial court set aside the contract as a matter of law . . . [she] was the successful party on this claim."

Even if we were to find that Edwards prevailed on the breach of contract claim, she was not awarded damages on the contract claim. Rather, she received the $34,000.00 "under the theory of unjust enrichment." Therefore, she is not entitled to attorneys' fees for trial or appeal. *See MBM Fin. Corp.*, 292 S.W.3d at 666. Edwards does not cite any authority to support the award of attorneys' fees for unjust enrichment, and we are aware of none. *See Brainard*, 216 S.W.3d 809. Accordingly, we overrule these points of error.

---

[9]This ruling is not attacked on appeal.

*(4)     Rains Did Not Give Edwards the Statutory Notice Under Section 24.006 of the Texas Property Code*

In the answer to Jury Question No. 2, the jury assessed to Rains $14,000.00 in attorneys' fees for trial, $5,000.00 for an appeal to the court of appeals, and $2,500.00 for appeal to the Texas Supreme Court. The final judgment orders the parties to bear their own attorneys' fees. On cross appeal, Rains contends that the trial court erred in refusing to award him attorneys' fees because he "prevailed on his claim for possession."[10]

To be entitled to recover attorneys' fees in an eviction suit—where, as here, there is no written lease that provides for recovery of attorneys' fees for eviction—the landlord must, by registered or certified mail, give the tenant a written notice to vacate the premises that warns that, if the tenant does not vacate the premises before the eleventh day after the notice is received and the landlord files suit, attorneys' fees may be recovered. TEX. PROP. CODE ANN. § 24.006 (West 2000). The record does not contain a written demand meeting the requirements of Section 24.006 of the Texas Property Code.

Rains directs the Court to an exhibit admitted in a bill of exceptions. The exhibit consists of e-mail records showing an exchange of settlement proposals between the parties. Even if the exhibit were considered as evidence on this issue, it fails to meet the statutory requirements,

---

[10]In his brief, Rains contends that the final judgment awarded him possession as a matter of law. The judgment does not mention possession or liability for unlawful possession. While there are no jury questions asking the jury to award possession or whether Edwards is liable for forcible entry and detainer, Question No. 1 asks the jury what amount would fairly compensate Rains for rent and damages beyond normal wear and tear.

12

because it was not sent by registered or certified mail and does not contain the required statutory warning. Rains is not entitled to attorneys' fees.

*Disposition*

For the reasons stated above, we affirm the trial court's judgment that Edwards take nothing on her claims for fraud and misrepresentation, we affirm the judgment denying recovery of attorneys' fees, and we reverse the judgment solely as to Edwards' claims under the Texas Property Code and remand those claims to the trial court for further proceedings in accordance with this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:    January 11, 2012
Date Decided:    February 8, 2012

13