**Walter MURRAY and Magnolia Murray, Appellants,**

**v.**

**FORD MOTOR COMPANY, Appellee.**

**No. 05–02–00866–CV.**

Court of Appeals of Texas, Dallas.

Feb. 18, 2003.

---

James David Joyce, N. Scott Carpenter, The Carpenter Law Firm, P.C., Plano, for appellants.

Bernardo S. Garza, Callier & Garza, Houston, William Leonard Mennucci, Austin, for appellee.

Before Justices WHITTINGTON, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

This is a subrogation claim. Walter and Magnolia Murray brought this action on behalf of State Farm Mutual Auto Insurance Company (State Farm) against Ford Motor Company to recover amounts paid to them by State Farm. The trial judge

granted Ford's motion for summary judgment based upon the economic loss doctrine. We affirm the judgment of the trial court in part, reverse in part, and remand the cause to the trial court.

### FACTS

At 1:00 a.m. on July 3, 2000, a neighbor knocked on Walter Murray's apartment door to let him know his Ford pickup truck was on fire. The fire department extinguished the fire, but the truck was destroyed. No one was hurt, but in addition to the truck, the Murrays lost $453.25 of personal property, including clothing and tools, that were also in the truck at the time of the fire.

State Farm, the Murrays' insurance carrier, paid the Murrays for the loss of the truck. The Murrays allege the fire was caused by an electrical failure in the truck's main wiring harness and filed suit against Ford to recover for the loss of the truck based on theories of strict liability, negligence, and breach of warranty. Ford sought summary judgment alleging the Murrays' strict products liability and negligence claims were barred by the economic loss doctrine. Ford further argued the Murrays' breach of warranty claims were barred by the statute of limitations, because the truck was purchased in 1994 and suit was not filed until 2001. After the motion for summary judgment was filed, the Murrays amended their petition, adding a claim for the $453.25 in lost personal property and deleting the claim for breach of warranty. The trial judge granted Ford's motion.

In a single point of error, the Murrays urge that because they incurred $453.25 in damages to "other property," the economic loss doctrine does not bar their tort claims for the loss of the truck. We disagree.

### STANDARD OF REVIEW

The standard of review in summary judgment is well-established. *See* TEX.R. CIV. P. 166a(c); *Black v. Victoria Lloyds Insurance Co.,* 797 S.W.2d 20, 23 (Tex. 1990). In reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in his favor. *Nixon,* 690 S.W.2d at 548–49.

To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory,* 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex. 1982).

■ Ford also argued there was no evidence of one or more essential elements of appellants' claims under rule 166a(i) of the Texas Rules of Civil Procedure. *See Espalin v. Children's Medical Center of Dallas,* 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.) (no-evidence summary judgment motion may be urged on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence rais-

ing a genuine fact issue. *See Espalin,* 27 S.W.3d at 683.

■ We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *General Mills Restaurants, Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *General Mills,* 12 S.W.3d at 833. When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon,* 690 S.W.2d at 549 (traditional summary judgment); *General Mills,* 12 S.W.3d at 833 (no-evidence summary judgment).

### DISCUSSION

■ In a products liability case, the law draws a distinction between tort recovery for physical injuries and warranty recovery for economic loss. *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 79 (Tex.1977), *quoting Seely v. White Motor Co.,* 63 Cal.2d 9, 45 Cal.Rptr. 17, 23, 403 P.2d 145, 151 (1965). Where "a product injures a consumer economically and not physically," the consumer may recover under the warranties provided by the Uniform Commercial Code, but not for strict liability in tort. *Nobility Homes,* 557 S.W.2d at 79–81. The Texas Supreme Court has explained the rationale for applying contract law when there is "only economic loss to the purchased product itself:"

> Distinguished from personal injury and injury to other property, damage to the product itself is essentially a loss to the purchaser of the benefit of the bargain with the seller. Loss of use and cost of repair of the product are the only expenses suffered by the purchaser. The loss is limited to what was involved in the transaction with the seller, which perhaps accounts for the Legislature providing that parties may rely on sales and contract law for compensation of economic loss to the product itself. TEX. BUS. & COM.CODE ANN. § 2.715(b)(2).

*Mid Continent Aircraft Corp. v. Curry County Spraying Service, Inc.,* 572 S.W.2d 308, 312–13 (Tex.1978). The economic loss rule applies to negligence claims as well as claims for strict liability. *See Indelco, Inc. v. Hanson Industries North America— Grove Worldwide,* 967 S.W.2d 931, 932–33 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (economic losses caused by defective product damaging itself are not recoverable through a suit alleging negligence).

■ The Murrays initially asserted a breach of warranty claim for the loss of the truck. Ford, however, moved for summary judgment alleging the cause of action for breach of warranty was barred by limitations. The statute of limitations for a breach of warranty claim under the Uniform Commercial Code is four years. TEX. BUS. & COM.CODE ANN. § 2.725 (Vernon 1994). Limitations on implied warranties begin when goods are sold, and breach of express warranty accrues from date of delivery. *See Cornerstones Municipal Utility District v. Monsanto Co.,* 889 S.W.2d 570, 577 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The cause of action accrues when the breach occurs, "regardless of the aggrieved party's lack of knowledge of the breach." TEX. BUS. & COM.CODE ANN. § 2.725. In its summary judgment motion, Ford alleged Walter Murray purchased the truck on February 4, 1994, but did not bring suit until 2001. The Murrays did not contest the limitations ground in their summary judgment response, and amended their petition to delete the cause of action for breach of warranty after the

summary judgment motion was filed. The Murrays have not made any complaint on appeal regarding limitations. Therefore, no issue is presented to us regarding the breach of warranty claim. *See Montes v. Pendergrass,* 61 S.W.3d 505, 508 (Tex. App.-San Antonio 2001, no pet.) (appellate court cannot reverse trial court judgment without properly assigned error).

■ Because they cannot recover for the loss of the truck under a breach of warranty cause of action, the Murrays seek an exception to the economic loss doctrine of *Nobility Homes* in order to recover in tort. The Murrays contend the economic loss doctrine does not bar recovery in tort for the loss of the truck because there was loss to other property as well as injury to the product itself. The Murrays rely on *Signal Oil & Gas Co. v. Universal Oil Products,* 572 S.W.2d 320 (Tex.1978), in which the plaintiff alleged an explosion and fire at its refinery was caused by a defective isomax reactor charge heater. The heater itself was damaged as well as other equipment and property in the area. *Signal Oil & Gas Co.,* 572 S.W.2d at 325. The court cited the economic loss rule set forth in *Nobility Homes,* but stated an action in strict liability would not be barred by the economic loss rule where other property damage has occurred:

> Where such collateral property damage exists in addition to damage to the product itself, recovery for such damages are recoverable under Section 402A of the Restatement (Second) of Torts as damage to property or under the Texas Business and Commerce Code, Section 2.715, as consequential damages for a breach of an implied warranty. To the extent that the product itself has become part of the accident risk or the tort by causing collateral property damage, it is properly considered as part of the

property damages, rather than as economic loss.

*Signal Oil & Gas Co.,* 572 S.W.2d at 325.

The court held, however, that because the jury had failed to find causation, plaintiff could not recover on its strict liability cause of action. *Signal Oil & Gas Co.,* 572 S.W.2d at 326. Thus, the language relied upon by the Murrays in the *Signal Oil & Gas Co.* case to create an "exception" to the economic loss doctrine was not essential to the court's decision; in fact, the court affirmed a judgment against the plaintiff on the strict liability cause of action. *See Signal Oil & Gas Co.,* 572 S.W.2d at 325–26. No Texas court has applied the Signal Oil & Gas Co. *dicta* in the manner the Murrays urge.

■ Rather, even where there is "collateral property damage," the economic loss rule bars recovery in tort for injury to the defective product itself. In *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the United States Supreme Court held there is no recovery in tort for injury to the defective product itself. The court concluded there was no tort duty to prevent a product from injuring itself; rather, the remedies for that loss sounded in contract, including breach of warranty. A plaintiff *could* recover in tort, however, for physical damage the defective product causes to "other property." *See East River Steamship Corp.,* 476 U.S. at 867, 106 S.Ct. 2295. In *Saratoga Fishing Co. v. J.M. Martinac & Co.,* 520 U.S. 875, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997), the court examined the meaning of the phrase "other property" as used in *East River.* The court held equipment later added to a fishing vessel was "other property," and concluded a tort cause of action could be maintained for loss of that "other property." *See Saratoga Fishing Co.,* 520 U.S. at 884–85, 117 S.Ct. 1783.

.

■ Neither case, however, holds that damage to "other property" by the defective product transforms the warranty cause of action for damage to the product itself into a tort cause of action. In neither case did the plaintiff recover in tort for the loss of the product itself. *See East River Steamship Corp.*, 476 U.S. at 875–76, 106 S.Ct. 2295 (no recovery in tort for damage to product itself); *see also Saratoga Fishing Co.*, 520 U.S. at 885–85, 117 S.Ct. 1783 (because extra skiff, nets, spare parts and miscellaneous equipment were "other property" and not part of product itself, recovery could be had in tort for other property; but court did not disturb rule of *East River* that no recovery could be had in tort for defective product itself). The plaintiffs' potential recovery in tort for damage to the "other property" did not change the rule of no recovery in tort for damage to the product itself. The Murrays argue that because there was damage to the "other property," its claim for damage to the truck itself may sound in tort. This argument has been rejected by the United States Court of Appeals for the Fifth Circuit, following *East River. See McDermott, Inc. v. Clyde Iron*, 979 F.2d 1068, 1078 (5th Cir.1992), *rev'd in part on other grounds*, 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994) ("*East River* allows recovery for damage to other property, 476 U.S. at 875–76, 106 S.Ct. at 2304, but when there is damage to other property, recovery for the loss to the product itself is still in contract and not in tort."). We reject the argument as well, and hold the existence of a tort claim for loss of "other property" does not transform a contract claim for damage to the product itself into a tort claim. *See Mid Continent Aircraft Corp.*, 572 S.W.2d at 312–13 ("Distinguished from . . . injury to other property, damage to the product itself is essentially a loss to the purchaser of the benefit of the bargain with the seller. . . . [T]he Legislature [has] provid[ed] that parties may rely on sales and contract law for compensation of economic loss to the product itself.").

■ The Murrays' operative pleading sought damages of $9,568.84, consisting of the $453.25 of "other property" and $9,115.59 for the loss of the truck. The motion for summary judgment did not address the claim for $453.25, however, because the petition had not been amended to assert a claim for that amount until after the summary judgment motion was filed. Ford's summary judgment reply concedes the economic loss doctrine may not apply to a claim in tort for the "other property," alleging only that the doctrine bars the Murrays' claim for loss of the truck. We cannot affirm a summary judgment on a ground not addressed in the motion. Thus, summary judgment on the Murrays' claim for loss of the "other property" was improper. *See Espalin*, 27 S.W.3d at 688 ("A summary judgment that purports to dispose of causes of action not addressed in the summary judgment motion is erroneous.").

Accordingly, we affirm the trial court's judgment on the Murrays' claim for damages for the loss of the truck, reverse the judgment on the Murrays' claim for damages for loss of "other property," and remand the cause to the trial court for further proceedings.