Karen **MITCHELL**, Appellant,

v.

**BAYLOR UNIVERSITY MEDICAL CENTER, Dallas Plastic Surgery Institute, and Henry Steven Byrd, M.D.,** Appellees.

No. 05–02–00652–CV.

Court of Appeals of Texas, Dallas.

July 2, 2003.

H.K. Wasoff, Jr. and Thomas B. Cowart, Law Offices of Windle Turley, P.C., Dallas for Appellant.

Elizabeth Duffy, Linda Susan Stimmel, Stewart & Stimmel, L.L.P., Cynthia Shea Goosen, Diana L. Faust, Cooper & Scully, Dallas, for Appellee.

Before Justices WHITTINGTON, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion By Justice ROSENBERG.

This is a medical malpractice case. In six issues, Karen Mitchell challenges the summary judgment granted in favor of Baylor University Medical Center, Dallas Plastic Surgery Institute, and Henry Steven Byrd, M.D. on all her claims. For the reasons that follow, we reverse the trial court's judgment and remand this case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Byrd performed a mastectomy and breast reconstruction on Mitchell at Baylor University Medical Center. Byrd was assisted by two nurses employed by Baylor and a nurse employed by Byrd's professional association. After surgery, Mitchell experienced pain and problems at the surgical site. In 1999, Mitchell was referred to James Davidson, M.D., a surgeon. Davidson operated on Mitchell and removed what he visually identified as a surgical sponge. Mitchell sued the medical center, Byrd, and Byrd's professional association. She alleged that a sponge or some other foreign object was left in her body during the 1996 surgery and asserted claims for medical negligence and negligence based on res ipsa loquitur. Baylor University Medical Center and Byrd moved for summary judgment, relying on the expert opinion of Jeffrey J. Barnard, M.D., who examined specimens removed by Davidson and stated that there was no evidence of a sponge or any foreign body in the specimens. Byrd also argued that he was entitled to summary judgment because he did not exercise any right of control over the medical center's nurses' sponge counts and had a duty to rely on the nurses' sponge count, unless the count was not reconciled. Mitchell responded and filed excerpts of Davidson's deposition, identifying the material as a sponge, and other evidence in support of her response. The medical center and Byrd filed replies. The medical center filed a motion to strike, limit, or exclude the opinions of Mitchell's designated experts, including Davidson, arguing the experts did not meet the standards for admissibility of expert testimony pursuant to rule of evidence 702 and *E.I. du Pont Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex.1995). The trial court granted summary judgment in favor of all defendants. This appeal followed.

## STANDARD OF REVIEW

A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per cu-

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

riam). Once the defendant-movant presents summary judgment evidence that conclusively negates an element of the plaintiff's claims, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the elements challenged by the defendant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Willrich*, 28 S.W.3d at 23–24.

### PRESENCE OF A SPONGE

In her first through third issues, Mitchell contends that the trial court erred in granting summary judgment in favor of the medical center and Byrd because the evidence raises a fact question as to whether there was a sponge or other foreign object left in Mitchell.

■ The elements of a medical negligence cause of action are: (1) a legally cognizable duty requiring the defendant to conform to a certain standard of conduct for the protection of another against an unreasonable risk; (2) a failure by the defendant to conform to the required standard; (3) resulting actual injury to the plaintiff; and (4) a reasonably close causal connection between the defendant's conduct and the plaintiff's resulting injury. *Cloys v. Turbin*, 608 S.W.2d 697, 700 (Tex. Civ.App.-Dallas 1980, no writ). The common law doctrine of res ipsa loquitur applies when (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990).

Although res ipsa loquitur is generally inapplicable in medical malpractice cases, an exception is recognized when the nature of the alleged malpractice and injuries are plainly within the common knowledge of laymen, requiring no expert testimony, such as negligence in leaving surgical instruments or sponges within the body. *Id.* at 951.

The medical center and Byrd moved for summary judgment on all Mitchell's claims on grounds that Barnard's testimony conclusively established that the object Davidson removed from Mitchell was not a foreign object, thus negating breach, causation, and res ipsa loquitur. In his report, Barnard stated that, after x-ray and microscopic examination of the surgical specimens removed during Davidson's surgery, "there was no evidence of a sponge or any foreign body in the specimens ... [and] no fiber fragments were present in the specimens to suggest that a foreign body was present previously and deteriorated while in fixative."

■ Mitchell responded and filed Davidson's deposition. In his deposition, Davidson stated he removed a "foreign body" from Mitchell; he was asked, "Did you recognize it as a sponge when you removed it?" to which he responded, "I did." In reply and on appeal, the medical center and Byrd contend that Mitchell did not carry her burden to present controverting expert evidence to raise a fact issue because Davidson is a surgeon, not a pathologist, and is therefore not qualified to identify the mass he removed from Mitchell.

■ Texas Rule of Civil Procedure 166a(f) requires that, in summary judgment proceedings, supporting and opposing affidavits "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

therein." TEX.R. CIV. P. 166a(f). When a party relies on expert testimony, this requirement includes proof of the expert's qualifications. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex.1997). "If ... specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX.R. EVID. 702. Thus, to qualify as an expert, the witness must be shown to possess special knowledge as to the very matter on which he gives his opinion. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex.1998); *Broders v. Heise*, 924 S.W.2d 148, 152–53 (Tex.1996). No difference obtains between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *Longoria*, 938 S.W.2d at 30.

Davidson testified that he had been licensed as a medical doctor in Missouri and Kansas for ten or eleven years, had a general surgery private practice in Kansas City for eleven years, and also operated at several Kansas City-area hospitals. He testified that he had performed about sixty general surgeries a month for the previous four or five years, of which about seventy percent were abdominal procedures. He had been certified by the American Board of Surgery in 1991 and re-certified in 1999. He stated that his opinion was based on his education, training, and experience as a medical doctor and surgeon. Davidson's testimony shows affirmatively that he is qualified by his training and experience as a surgeon to testify to surgical procedures and materials, including identifying a surgical sponge. *See Broders*, 924 S.W.2d at 152; *Blan v. Ali*, 7 S.W.3d 741, 745–46 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *see also* TEX. CIV. STAT. ANN. art. 4590i, § 14.01(a), (c) (Vernon Supp.2003)

(providing requirements to qualify witness as expert on question whether physician departed from accepted standards of medical care). Although the medical center and Byrd argued in their replies that Davidson was not qualified in forensic pathology, nothing in the record shows that the medical center and Byrd presented any conflicting evidence on Davidson's qualifications or challenged the credibility of Davidson's testimony on his qualifications. Therefore, we conclude that Mitchell carried her burden to provide proof of Davidson's expert qualifications.

 The medical center and Byrd further contend that Davidson's testimony was excluded from consideration in the summary judgment proceeding. They argue that the trial court impliedly granted the medical center's motion to strike when it granted their motions for summary judgment. The medical center filed a motion to strike, limit, or exclude Mitchell's experts' opinions, including Davidson, in which it challenged the admissibility of Mitchell's experts, pursuant to *Robinson*, 923 S.W.2d at 557. However, there is no record of a hearing on this motion or a written order granting or overruling this motion, nor is there a reporter's record of the summary judgment hearing. The record does not show that the trial court sustained the medical center's objections. Evidence that has been objected to remains part of the summary judgment proof unless an order sustaining the objection is reduced to writing, signed, and entered of record. *Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 466 (Tex.App.-Texarkana 1998, pet. denied); *see Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 421 (Tex.App.-Dallas 2002, no pet.) (trial court's rulings effective because record showed trial court ruled on objections before granting summary judgment and signed a written order memorial-

izing rulings while it retained plenary jurisdiction); *Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 317 (Tex.App.-San Antonio 2000, no pet.) (noting that because rulings on motions for summary judgment and objections to summary judgment evidence are not alternatives or concomitants, neither implies a ruling on the other and thus: "[A] trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not 'capable of being understood' from the ruling on the motion for summary judgment.").

Thus, Davidson's testimony raises a fact issue on whether the matter Davidson removed was a surgical sponge. Accordingly, we conclude that summary judgment on all Mitchell's claims was improper on grounds that the medical center and Byrd proved conclusively that no sponge was left in Mitchell. We resolve Mitchell's first through third issues in her favor.

## CONTROL OF THE SPONGES

■ In her fourth issue, Mitchell argues that the trial court erred by granting Byrd's motion for summary judgment because the evidence raises a fact issue whether Byrd was in control of the sponges during the surgery. Byrd moved for summary judgment on grounds that he had no right of control over the nurses' sponge count. Byrd relies on *Sparger v. Worley Hospital, Inc.,* 547 S.W.2d 582, 582–86 (Tex.1977), to argue that he had no control over the hospital nurses and was therefore not liable for any breach of the standard of care in counting sponges. However, in *Sparger,* the issue was whether a physician was vicariously liable for a hospital's nurses' failure to count sponges, which damaged the plaintiff. *Id.* at 583. Here, Byrd was sued for his negligence and the negligence of a nurse employed either by him or by his professional association-not the medical center's employees' negligence-in leaving a sponge in Mitchell. Mitchell provided Byrd's deposition in which he stated that he and his "assistant" as well as the medical center's nurses put sponges into Mitchell. This evidence raises a fact issue on whether either Byrd or his employee was in control of the sponges. *See Schorlemer v. Reyes,* 974 S.W.2d 141, 145 (Tex.App.-San Antonio 1998, pet denied) (regarding surgical sponges, physician's testimony that he, along with assisting surgeon "put them in and t[ook] them out" some evidence of physician's management and control of sponges during operation). Byrd's reliance on *Sparger* is misplaced. The trial court erred in granting summary judgment in Byrd's favor on the ground that he had no right of control over the nurses' sponge count. We resolve Mitchell's fourth issue in her favor.

In part of her fifth issue, Mitchell contends that the trial court erred in granting summary judgment for Byrd on grounds that Byrd had a duty to rely on the nurses' sponge count. Byrd moved for summary judgment on grounds that he had no duty to account for each sponge used during the operation, unless the nurses' counts failed to reconcile. Byrd relied on Davidson's testimony in which he agreed that it was not a breach of the standard of care for a surgeon to take the nurse's sponge count at face value. However, Mitchell produced the affidavit of Robert T. Schorr, M.D., who stated: "The doctor who puts a sponge or other foreign object in the patient is responsible for [its] removal . . . from the patient. . . . The surgeon cannot blame the nurse for leaving a sponge or other foreign body in the wound." It is undisputed that Byrd had a physician-patient relationship with Mitchell. *See St. John v. Pope,* 901 S.W.2d 420, 423 (Tex. 1995) (holding physician's duty to treat patient with proper professional skill flows

from their consensual relationship). Moreover, Mitchell's evidence raises a fact issue on whether Byrd breached the standard of care owed by a physician to his patient. *See Traut v. Beaty*, 75 S.W.3d 661, 666 (Tex.App.-Texarkana 2002, no pet.) (holding conflicting testimony on appropriate care raised fact question on issue of standard of care and breach). Therefore, we cannot conclude that Byrd proved as a matter of law that he had a duty to rely on the nurses' sponge count. Accordingly, the trial court erred in granting summary judgment in Byrd's favor on this ground, and we resolve Mitchell's fifth issue in her favor to this extent.

In part of her fifth issue, Mitchell contends that Byrd's argument that, because the evidence showed that no sponge had been left in Mitchell, she could not show that any act by Byrd caused her injuries. Byrd's argument was based on Davidson's "conjecture" that the mass was a sponge. However, Davidson identified the mass as a sponge; further, he "guess[ed] it was one of the larger sponges" in response to a question if he knew "what size the sponge was when it was originally left in the body." Thus, we agree with Mitchell that Byrd's argument that causation could not be established because the evidence showed that Byrd did not cause a sponge to be left in Mitchell is without merit. Accordingly, we resolve the remainder of the fifth issue in Mitchell's favor.

## SUMMARY JUDGMENT FOR DALLAS PLASTIC SURGERY INSTITUTE

In her sixth issue, Mitchell contends that the summary judgment in favor of Dallas Plastic Surgery Institute must be reversed because the institute did not move for summary judgment. An order that grants summary judgment to a party who did not move for summary judgment is erroneous and must be reversed. *Wright's v. Red River Fed. Credit Union*, 71 S.W.3d 916, 921 (Tex.App.-Texarkana 2002, no pet.); *Kleven v. Tex. Dep't of Criminal Justice-Inst. Div.*, 69 S.W.3d 341, 344 (Tex.App.-Texarkana 2002, no pet.). The institute did not file its own motion, nor does the record show that it joined another motion for summary judgment. Therefore, summary judgment for the institute is erroneous. We resolve Mitchell's sixth issue in her favor.

## CONCLUSION

Because we have concluded that no ground urged in the motions for summary judgment support the trial court's judgment and resolved all Mitchell's issues in her favor, we reverse the trial court's judgment and remand this case for further proceedings.