**Dustin H. OFFUTT, Appellant,**

**v.**

**SOUTHWESTERN BELL INTERNET SERVICES, INC., Appellee.**

**No. 05–03–00701–CV.**

Court of Appeals of Texas, Dallas.

March 29, 2004.

508

W.D. Masterson, John H. Crouch, Theodore Carl Anderson and Dorothy Elizabeth Masterson, Dallas, for Appellant.

Darrell L. Guy, Dallas, for Appellee.

Before Justices BRIDGES, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from summary judgment granted in favor of Southwestern Bell Internet Services (Southwestern Bell) in a suit filed by Dustin Offutt (Offutt) for overtime compensation under section 7(a)(1) of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 207(a)(1). We affirm the district court's grant of summary judgment.

### BACKGROUND

Southwestern Bell employed Dustin Offutt as a systems engineer from June 16, 2000, until May 3, 2002. Offutt was responsible for ensuring that customers could access their Internet service accounts using their correct user identification codes and passwords. These job responsibilities were shared with only one other systems engineer until Southwestern Bell hired two additional engineers in December of 2001. Before the two additional engineers were hired, Offutt was required to carry a pager with him after normal business hours and remained "on call" at all times. Offutt had three requirements

to comply with whenever he was on call: (1) he had to respond to pages by calling Southwestern Bell's Network Reliability Center (NRC); (2) he had to discuss the problem with a NRC employee over the phone; and (3) if necessary, he had to remotely access Southwestern Bell's network to resolve a problem. Offutt was able to access Southwestern Bell's network remotely by dialing into the network over a standard phone line with a company-issued laptop computer. Except for rare occasions, Offutt was not required to travel to Southwestern Bell's premises during his on-call time because most problems could be solved remotely.

Offutt was often paged several times per evening. On some evenings, Offutt received no pages at all. When Offutt was paged to work during his on-call time, he was given the option of going to work later the next day or requesting overtime pay for any actual time worked. For example, if Offutt worked two hours on a Monday evening, he was allowed to arrive for work two hours later than his normal start time on Tuesday morning or request two hours of overtime pay. Offutt always chose the option of arriving for work later.

Offutt complained to his supervisors about his on-call duties on several occasions. At Offutt's request, a Southwestern Bell supervisor worked with Offutt and attempted to find a position for him within the company that did not require on-call duties. When a position was eventually offered to Offutt, he refused to take it because the job would require him to work on Saturdays. Offutt told his supervisor that he wished to remain in his current position because two new systems engineers were being trained. In December of 2001, Offutt's on-call duties were reduced to where Offutt was on call only one out of every four weeks. In May of 2002, Offutt resigned his position with Southwestern Bell and filed suit against his former employer for violations of the FLSA. On April 14, 2003, Southwestern Bell filed both a traditional and a no-evidence motion for summary judgment. The district court granted summary judgment in Southwestern Bell's favor on May 12, 2003. Because Southwestern Bell filed both a traditional and no-evidence motion for summary judgment, we will address both standards of review.

### STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). When, as in the present case, a district court fails to state the basis for its decision to grant summary judgment, the appealing party must show that summary judgment is not proper on any ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). A reviewing court must affirm the summary judgment if any of the movant's theories has merit. *Id.*

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). Any doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* All evidence favorable to the nonmovant will be taken as true. *S.W. Elec. Power Co.*, 73 S.W.3d at 215. Evidence favorable to the movant will not be considered unless it is not controverted. *Great Am. Reserve Ins. Co. v. San Antonio*

*Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

In addition to a traditional motion for summary judgment, a party may also move for a no-evidence summary judgment. *See* TEX.R. CIV. P. 166a(i). A no-evidence summary judgment is essentially a pretrial directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). After an adequate time for discovery has passed, the party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence of one or more essential elements of its claim. TEX R. CIV. P. 166a(i). The moving party must file a proper motion that specifically alleges which elements of the nonmoving party's claim lack supporting evidence. *Id.* Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any genuine issues of material fact. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890–91 (Tex.App.-Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 197 (Tex.2002).

### DISCUSSION

█ Offutt contends that there is a fact issue as to whether his working conditions were so restrictive that his on-call time was working time under the FLSA. We disagree. There is no genuine dispute over the relevant facts in this case and the issue of whether on-call time is working time under the FLSA is one that may be properly decided as a matter of law. *Bright v. Houston Northwest Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 674 (5th Cir. 1991). The issue we must decide is whether the time Offutt spent on call, but not actually working, falls within the meaning of working time under the FLSA.

█ The issue of whether waiting time is working time under Section 7 of the FLSA "is a question dependent upon all the circumstances of the case". *Armour & Co. v. Wantock*, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944). Section 7 states:

> "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29 U.S.C. § 207(a)(1). Federal regulations promulgated by the Department of Labor pursuant to the FLSA state:

> An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call." An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

29 C.F.R. § 785.17. The critical question for determination is "whether the employee can use the [on-call] time effectively for his or her own purposes." *Bright*, 934 F.2d at 677 (quoting *Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1189 (5th Cir. 1989)).

In *Halferty*, the plaintiff was an ambulance dispatcher who sought overtime compensation for on-call time. Halferty's on-call requirements restricted Halferty to the confines of her home from 5 p.m. until 8 a.m. five nights per week. Halferty could only leave her home if she forwarded

her calls or if someone answered the calls for her. Halferty was able to watch television, visit with friends, babysit, and entertain guests. The district court held that Halferty's on-call time was compensable overtime. The Fifth Circuit Court of Appeals reversed the district court and held as a matter of law that Halferty could use the time effectively for her own purposes. In reaching its decision, the court noted that "[e]mployees who have received compensation for idle time generally have had almost no freedom at all." *Halferty,* 864 F.2d at 1190.

In *Bright,* the plaintiff filed suit claiming that he was entitled to overtime compensation for all time spent on call for his employer. Bright was a senior biomedical equipment repair technician who was required to wear a beeper and remain on call throughout all of his off-duty time. While Bright was on call, he had to comply with three requirements: (1) he could not be intoxicated or impaired to a degree where he would be unable to work on medical equipment if called to the hospital; (2) he had to always be reachable by the pager; and (3) he had to be able to arrive at the hospital within approximately twenty minutes of being paged. Bright admitted that while he was on call he could go shopping, watch television, and occasionally go out to eat. Finding that Bright was "clearly able to use his on-call time effectively for his own personal purposes," the court held *en banc* that Bright's on-call time was not compensable as a matter of law. *Bright,* 934 F.2d at 677–78.

The facts in the present case show that Offutt's work conditions were not as restrictive as those in *Halferty* or *Bright.* Offutt was able to attend movies, spend time at home, and eat dinner at restaurants. These activities were subject to possible interruption, but the interruptions were not so frequent that they prevented Offutt from effectively engaging in the personal activities. As the Fifth Circuit has noted, the ability for an employee to use on-call time effectively for personal purposes does not mean that the employee "must have substantially the same flexibility or freedom as he would if not on call." *Bright,* 934 F.2d at 677. Additionally, Offutt was not confined to a certain location while on call. Except for rare occasions, Offutt was not required to travel to Southwestern Bell Internet Service's premises when paged. As long as Offutt could access a telephone line, he could remotely perform the work needed to resolve a problem. We find that the limitations placed on Offutt during his on-call time did not prevent Offutt from effectively using the time for his own purposes.

■ In the alternative, Offutt contends that there is an issue of fact as to whether he was paid for any overtime work actually performed while he was employed by Southwestern Bell. This issue is not preserved for our review. *See* Tex.R.App. P. 33.1(a). The only claim raised in Offutt's original petition was that Offutt was entitled to overtime compensation because he worked twenty-four hours per day when he was on call. After Southwestern Bell filed its motion for summary judgment, Offutt filed a response to the motion which alleged that Offutt worked excessive hours because he worked twenty-four hours per day when on call, and that Offutt did not fill out Southwestern Bell's overtime forms because the forms were not taken seriously. As a result, no claim was made, or genuine issue of material fact was raised, regarding overtime paid for time Offutt claims he actually worked. However, even if this issue was proper for review on appeal, it is without merit because Offutt admitted in his deposition that he always took the option of arriving for work later

rather than being paid overtime compensation.

### CONCLUSION

We conclude that no genuine issues of fact exist and summary judgment was properly granted because Offutt was able to effectively use his on-call time for personal purposes. The district court's grant of summary judgment in favor of Southwestern Bell Internet Services is affirmed.