**Betty Sharon SCROGGS, Appellant**

v.

**AMERICAN AIRLINES, INC., Appellee.**

No. 05–03–01529–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2004.

Charles W. McGarry, Dallas, for appellant.

Katherine Braden Staton, David T. Moran, Jeffrey G. Hamilton, Jackson Walker L.L.P., Dallas, for appellee.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this case alleging issues of negligence and premises liability, Betty Sharon Scroggs appeals the trial court's summary judgment in favor of American Airlines, Inc. In three issues, Scroggs argues: (1) the trial court did not sustain American's objections to her summary judgment evidence; (2) if the court implicitly sustained the objections, it abused its discretion in doing so; and (3) the court erred in granting summary judgment. We affirm in part and reverse in part.

### BACKGROUND

Scroggs sued American after she fell on the metal hinge of a jet bridge while boarding a plane. American filed a motion for summary judgment, arguing Scroggs had no evidence that (1) the jet bridge or metal hinge was unreasonably dangerous; (2) American had actual or constructive knowledge of an unreasonably dangerous condition; and (3) the condition of the jet bridge caused Scroggs to fall. American also argued Scroggs's testimony established she had not suffered compensable mental anguish, and therefore, American was entitled to summary judgment on Scroggs's claim for mental anguish damages. Finally, although American argued no claim for negligent conduct existed, American argued it was entitled to summary judgment on any such existing claim because Scroggs had no evidence of duty, breach, or causation.

Scroggs filed a response to American's motion and attached an affidavit by Dr. Gary Nelson. In its reply to Scroggs's response, American moved to strike Scroggs's summary judgment evidence. The court held a hearing on the summary judgment motion, but ordered that the motions be carried and postponed, allowing American either to reurge its motions or file amended or supplemental motions.

American supplemented its motion for summary judgment, and it sent Scroggs a "notice of hearing" stating that the motion for summary judgment would be heard on June 26. American next moved to strike Scroggs's expert witness. Scroggs responded to the supplemental summary judgment motion on June 19 and included excerpts from Nelson's deposition as well as some of Scroggs's medical reports. American supplemented its motion to strike Scroggs's expert on June 25, and Scroggs responded to the motion to strike her expert on June 25.

On June 26, the court held a hearing, but not on the summary judgment motion. Instead, according to the court's language

used at the beginning of the hearing ("We're here on the record ... on a Motion to Strike this expert.") and the notation on the reporter's record, the court heard only American's motion to strike Scroggs's expert. The record contains no written order stemming from this hearing. The record reflects no other actions until the court granted American's motion for summary judgment in an order dated July 3. The final judgment was amended September 15, and from that, Scroggs appeals.

### SUMMARY JUDGMENT EVIDENCE

In her first issue, Scroggs complains the trial court never sustained American's objections to her summary judgment evidence. Scroggs argues that because there is no written order excluding any specific summary judgment evidence, we should conclude that American's objections were overruled. American responds that it asserted "specific objections to Nelson's opinions" in its motion to strike and objections to Scroggs's evidence. American contends the objections were addressed by the trial court and were sustained. American argues the court "clearly set forth its rulings as to which opinions were struck and excluded." We disagree.

Both parties discuss the possibility of using an implicit ruling on objections to summary judgment evidence as sufficient to show a trial court's ruling.[1] However, we need not determine if an implicit ruling would be sufficient in the case before us.

We conclude there is no ruling from which to infer the trial court's final resolution of American's objections.

The trial court held a hearing on American's motion to strike Scroggs's expert. During that hearing, the court and the parties discussed several of Nelson's opinions. During the hearing, the court at times stated it would sustain part of American's objection to Scroggs's expert. However, throughout the hearing, the court also made comments as follows:

> So at the moment I can't say that I will let him testify, but I can say that if he's got a standard, it would seem to me that I would, and I would need to hear now what's the problem, says the Defendant later on, all right?
>
> . . .
>
> If he can't show me a standard, he's not rendering those underlying opinions. And I don't know whether I'll let him say the "knew or should have known" even if I let him testify to the underlying opinion.

At the end of the hearing, the court thanked the parties and concluded:

> [T]hank you all very much, and we will see whether he does or doesn't get to testify.
>
> . . .
>
> What I'm not sure about your expert is whether I'm going to let him, for the first time ever, start looking at stan-

---

1. American cites *Mitchell v. Baylor University Medical Center*, 109 S.W.3d 838, 842 (Tex. App.-Dallas 2003, no pet), to contend that we have stated that a reporter's record documenting the trial court's rulings would indicate the record was clear and sufficient. Instead, in *Mitchell*, we stated,

 [T]here is no record of a hearing on this motion or a written order granting or overruling this motion, nor is there a reporter's record of the summary judgment hearing. The record does not show that the trial

 court sustained the medical center's objections. Evidence that has been objected to remains part of the summary judgment proof unless an order sustaining the objection is reduced to writing, signed, and entered of record.

 *Id.* *Mitchell* noted only that no record of a hearing was before the Court. We did not say conclusively that such a record would be the only indication we would need to determine what summary judgment proof remained before the trial court.

dards he's never dealt with and can't demonstrate an expertise in. That's what I'm not sure I'm going to let him do . . . .

But I will comment to the Defendants: I never yet have put somebody to trial whose experts I struck. So if they can't rehabilitate this guy, the high probability is I'm going to let them go get—have the time to go get another, all right? . . .

Counsel for American asked if he could submit an order, and the court replied to "[c]all it an interim order." Further, the court stated,

[Y]'all didn't tick off the specific opinions which is what I really, really need motions to do so that they then go—you did it globally, and I'm not granting the global.

Again, I don't know whether he can testify globally about these things, okay? The hearing ended, and the court adjourned.

Based on the record, we conclude the court did not reach a decision for a final order concerning the motion to strike or American's objections to Scroggs's summary judgment evidence. Further, the court complained American was not specific in stating to which opinions it objected. Because the court seemed unclear what specific objections American was making, and because of the language the court used in concluding the hearing, we cannot interpret the hearing as sustaining any particular objections regardless of any comments made earlier in the hearing. Because we have no clear indication of what final ruling the court made, and because the court itself did not interpret objections to specific opinions ("[Y]'all didn't tick off the specific opinions which is what I really, really need motions to do . . . ."), we conclude we have no order before us indicating that any of the summary judgment evidence was stricken or excluded. Accordingly, we re-

solve Scroggs's first issue in her favor. Because of our resolution of Scroggs's first issue, we need not address her second issue on appeal. *See* Tex.R.App. P. 47.1.

## Summary Judgment

In her third issue, Scroggs contends the trial court erred in granting summary judgment. American, assuming no expert's report was before the court, contends the court was correct to grant summary judgment because Scroggs has "no negligent activity claim." Because we have resolved Scroggs's first issue in her favor, in our summary judgment review we will consider the expert's opinion as having been before the court below. And we review the summary judgment granted for both the premises liability claim and the negligent conduct claim.

## Standard of Review

■ In its motion for summary judgment, American segregated its traditional and no evidence motions, making both arguments. *Compare* Tex.R. Civ. P. 166a(c) *with* Tex.R. Civ. P. 166a(i). Under a traditional motion for summary judgment, the moving party carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. Tex.R. Civ. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.).

■ American attached evidence in support of its motion. Typically, if a party moves for summary judgment and attaches evidence, a court will view that motion as a traditional summary judgment motion. *See Williams v. Bank One, Tex., N.A.,* 15 S.W.3d 110, 117 (Tex.App.-Waco 1999, no pet.). However, even though American included "evidence" with both its traditional and no evidence summary judgment motions, American raised only issues alleging "no evidence." American did not argue it was entitled to judgment as a matter of law, nor did it carry a burden of establishing that no material fact issue existed as to the condition of the jet bridge. American did, however, contend that Scroggs had no evidence of her claims. Even in arguing against Scroggs's claims for mental anguish, American contended Scroggs had no evidence she suffered mental anguish. Accordingly, we will review the issues on appeal under the no evidence standard of review.

■ We review a no evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills,* 12 S.W.3d at 833. Under Texas Rules of Civil Procedure 166a(i), a party may move for summary judgment if no evidence exists to support one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Gen. Mills,* 12 S.W.3d at 833. The moving party must allow adequate time for discovery and must state in the motion the elements on which there is no evidence. TEX.R. CIV. P. 166a(i). The non-movant must then bring forth evidence that raises a fact issue on the challenged elements. *Murray v. Ford Motor Co.,* 97 S.W.3d 888, 891 (Tex.App.-Dallas 2003, no pet.). Although the non-moving party is not required to marshal its proof, it must present evidence that raises

a genuine issue of material fact on the challenged elements. *Crocker v. Pau-lyne's Nursing Home, Inc.,* 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.). A no evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Id.* In determining whether the nonmovant has met its burden, we review the evidence in the light most favorable to the nonmovant and resolve all doubts in its favor. *Id.; General Mills,* 12 S.W.3d at 833.

## Discussion

American moved for summary judgment, contending Scroggs had no evidence of her claims against American. American argued Scroggs had no evidence for any of the elements of a premises liability claim, arguing there was no evidence (1) of an unreasonably dangerous condition; (2) that American possessed actual or constructive knowledge of an unreasonably dangerous condition, or that American failed to exercise reasonable care to reduce or eliminate any unreasonable risk of harm; and (3) that the unreasonably dangerous condition proximately caused plaintiff's injuries. American also contended it was entitled to summary judgment on the mental anguish claim because Scroggs's testimony "did not state a claim for mental anguish damages." American also contended (under its "no evidence" heading) that Scroggs had no evidence to show duty, breach, or causation for her negligent conduct claim.

### Premises Liability Claim

#### *An Unreasonably Dangerous Condition*

■ Scroggs responded to American's summary judgment motion and attached affidavits and excerpts from depositions. American argued there was no evidence an unreasonably dangerous condition existed.

Nelson's affidavit expressed the slope and surface slickness together created an unreasonably dangerous condition. Accordingly, viewing the evidence most favorably to Scroggs, we conclude Scroggs brought forth more than a scintilla of evidence that raised a fact issue on this challenged element. *See Murray*, 97 S.W.3d at 890–91.

### Actual or Constructive Knowledge; Failure to Exercise Reasonable Care to Reduce or Eliminated Any Unreasonable Risk of Harm

■ Regarding American's actual or constructive knowledge of an unreasonably dangerous condition, Scroggs submitted incident reports to demonstrate other passengers had fallen on American's jet bridges. Further, in her deposition, Scroggs stated there were no hand railings in the jet bridge where she fell. However, American submitted an excerpt from Judee Ann Alex's deposition in which she stated the handrails are present to assist passengers in making the "transition in the floor level." A reasonable inference of constructive knowledge may be made when one location in a building is made safer by altering the area (such as by adding hand rails) but another similar place is not so altered. *See Harwood v. Hines Interests Ltd. P'ship*, 73 S.W.3d 450, 452 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Scroggs testified no hand rails were in the jet bridge where she fell, but an American employee stated the handrails are provided to assist passengers in making the transition along the jet bridges.

■ Further, the fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992). Creating the condition does not establish knowledge as a matter of law, but creation of the condition is circumstantial evidence of knowledge. *See id.* at 266. In premises cases, constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex.2000).

Deposition testimony was presented indicating the jet bridge was purchased in 1972 and had never been refurbished. It was taken out of service just prior to the date Scroggs filed her lawsuit and was subsequently destroyed. A reasonable inference follows that American maintained control over the jet bridge and had for a substantial amount of time.

Viewing all of this evidence in the light most favorable to Scroggs, and disregarding all contrary evidence and inferences, we conclude that more than a scintilla of evidence was brought forth regarding whether American had actual or constructive knowledge of the jet bridge's alleged dangerous condition. *See Murray*, 97 S.W.3d at 890–91.

### The Unreasonably Dangerous Condition Proximately Caused Plaintiff's Injuries

Scroggs testified she slipped on the metal transition plate on the jet bridge. Nelson also stated that the slope and slipperiness of that plate was the cause of Scroggs's fall. We conclude, viewing this evidence in the light most favorable to Scroggs, and disregarding all contrary evidence and inferences, more than a scintilla of evidence was brought forth regarding whether the alleged unreasonably dangerous condition proximately caused Scroggs's fall, which in turn caused her injuries. *See Murray*, 97 S.W.3d at 890–91.

### *Evidence of Mental Anguish Damages*

Scroggs submitted copies of a doctor's report stating: "[Scroggs] developed increased panic attacks, depression because of this [her fall and fracturing her foot].... Her anxiety and depression are significant for situational problems." Accordingly, we conclude Scroggs brought forth more than a scintilla of evidence regarding her mental anguish suffered as a result of the incident. *See Murray,* 97 S.W.3d at 890–91.

Because we conclude Scroggs brought forth at least a scintilla of evidence on all elements of her premises liability claim, we hold the court erred in granting summary judgment on that claim. We resolve this portion of Scroggs's third issue in her favor.

### The Negligent Conduct Claim

 American argued that Scroggs's petition alleged only injuries stemming from defective premises and not negligent conduct. However, American did address the negligent conduct claim in its motion for summary judgment by contending Scroggs had no evidence of duty, breach, or causation.

 Generally, an owner of land has a duty to use reasonable care to make and keep the premises safe for business invitees. *See Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997). The legal duty of an owner or occupier may subject it to liability in two situations: (1) those arising from a defect existing on the premises when the independent contractor/invitee entered; and (2) those arising from activity on the premises. *Id; see also Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). To recover on a negligent activity theory, the person must have been injured by or as a contemporaneous result of a negligent activity itself rather than a condition created by a negligent activity. *Keetch,* 845 S.W.2d at 265; *Crooks v. Moses,* 138 S.W.3d 629, 638 (Tex.App.-Dallas, 2004, no pet.). Injury resulting from a negligent activity would, therefore, be the breach of that duty to use reasonable care to make and keep the premises safe for business invitees.

Having reviewed the record, we find no evidence of any contemporaneous activity by which Scroggs alleged she was injured. Accordingly, we hold the court did not err in granting summary judgment on any negligent activity claim. Any argument she has raised addresses an alleged condition *created by* an activity instead of an activity that actually *caused* injury.

### CONCLUSION

Having found the court did not exclude or strike any of Scroggs's summary judgment evidence, we conclude that Scroggs brought forth at least a scintilla of evidence on all elements of her premises liability claim. Further, she also brought forth more than a scintilla of evidence for mental anguish damages. Accordingly, we reverse the trial court's summary judgment as it relates to premises liability and as it addresses mental anguish damages. However, we conclude Scroggs brought forth no evidence of a contemporaneous activity by which Scroggs was injured, which would be a breach of American's duty to Scroggs.

We affirm the trial court's summary judgment as it relates to any negligent conduct claim raised by Scroggs.