IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00345-CR

 

ANTONIO SERRANA,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
2

Johnson County, Texas

Trial Court No. M200301848

 



MEMORANDUM  Opinion



 








          Antonio Serrana pleaded guilty to
driving while intoxicated after the court denied his suppression motion. 
Pursuant to a plea bargain, the court sentenced him to 180 days in jail,
suspended imposition of sentence, and placed him on community supervision for
two years.  Serrana contends in his sole issue that the court abused its
discretion by denying his suppression motion.  We will affirm.

          The facts are undisputed.  A DPS
trooper observed Serrana’s car driving on Interstate 35.  Serrana’s car came to
the trooper’s attention because it was weaving within its lane.  Serrana’s car
drove onto the white lane marker on the right side of the lane then back into
the lane of travel.  The car then drove completely over the right-hand lane
marker then “jerked” back into the lane.    These movements all occurred within
a distance of one-half mile.  The trooper suspected that the driver may be
intoxicated and pulled the car over to investigate further.

          Serrana contends that the facts of his
case are analogous to those in Hernandez v. State.  983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref’d).  In that case, the defendant’s car drifted about
eighteen inches into another lane of traffic a single time.  The officer
testified that he was concerned about the driver’s “well-being.”  Id. at 868-69.  These were the only bases recited for the stop.

          The Austin Court concluded that the
State had not satisfied its burden of proving that the stop was reasonable
because: (1) the officer did not testify that he suspected the defendant of
being intoxicated; and (2) he did not “testify that anything about the
objective circumstances—time, location, the vehicle’s movement, etc.—would have
led a reasonable officer to suspect the driver of being intoxicated.”  Id. at 870.

          In a similar case, this Court affirmed
a trial court’s order granting a suppression motion.  See State v. Tarvin, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref’d).  In Tarvin, the
officer testified that he pulled the defendant over after observing him drive
“over” the right-hand lane marker two or three times.  Id. at 910-11. 
It was unclear from the officer’s testimony whether the right tires of the defendant’s
car ever crossed completely over the lane marker, and the trial court found
that they had not.  Id. at 910-11 & n.2.  As in Hernandez,
the officer did not testify that he suspected the defendant to be intoxicated. 
 Id. at 912.

          Serrana’s case is different from
these.  The trooper here testified that after observing Serrana’s driving he
suspected that Serrana may be intoxicated.  Cf. Hernandez, 983 S.W.2d at
870; Tarvin, 972 S.W.2d at 912.  Unlike Tarvin, the trooper here
testified that Serrana’s tires crossed completely over the right-hand lane
marker.  Cf. Tarvin, 972 S.W.2d at 910-11 & n.2.

And unlike Hernandez, the trooper here
testified that Serrana’s return to the lane of travel after his “second weave”
was “abrupt” and that Serrana “jerked” back into the lane of travel.  Cf.
Hernandez, 983 S.W.2d at 868-69.

          The trooper here testified that
Serrana was weaving within his lane, that he drove onto the right-hand lane
marker and back, and that he then drove across the right-hand lane marker
before abruptly returning to the lane of travel.  Based on these observations,
the trooper decided to stop Serrana because he suspected that he may be intoxicated. 
These facts make Serrana’s case more similar to others in which reasonable
suspicion has been found.  See e.g. James v. State, 102 S.W.3d 162,
171-72 (Tex. App.—Fort Worth 2003, pet. ref’d); Gajewski v. State, 944
S.W.2d 450, 452-53 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Accordingly, we cannot say that the court abused
its discretion by denying Serrana’s suppression motion.  Thus, we overrule
Serrana’s sole issue and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed February 15, 2006

Do not publish

[CR25]






pt;font-family:"CG Times"'>[2]

          Exhibit “A” consists of photographs,
two of which depict elevated booths in Texas Roadhouse.  Exhibit “B” is the
incident report prepared by the manager on duty at the time of Messer’s fall. 
It states that the lighting was “dim” on the occasion in question.  Exhibit “C”
is Messer’s deposition testimony.  Messer testified that the area was dimly lit
and she was unaware that the booth area was elevated.

          Viewed in the light most favorable to
Messer, this constitutes some evidence that the elevated booth posed an
unreasonable risk of harm.  See Burns v. Baylor Health Care Sys., 125
S.W.3d 589, 599 (Tex. App.—El Paso 2003, no pet.) (plaintiff/non-movant
presented some evidence that curb in parking garage which was difficult to see
because of poor lighting posed unreasonable risk of harm); Brooks v. First
Assembly of God Church of Cleburne, 86 S.W.3d 793, 796-97 (Tex. App.—Waco 2002, no pet.) (plaintiff/non-movant raised fact issue regarding whether curb-stop
in dark part of church parking lot posed unreasonable risk of harm), disapproved
on other grounds by Binur v. Jacobo, 135 S.W.3d 646, 651 & n.11 (Tex.
2004).

Actual or Constructive Knowledge

          Messer must also have produced some
evidence raising an issue of material fact regarding whether Texas Roadhouse
had actual or constructive knowledge of this condition.  See LMB, 201
S.W.3d at 688.  Messer argued in her summary-judgment response that “Exhibits
A, B, and C” address Texas Roadhouse’s actual or constructive knowledge.

          From the photographic evidence, it can
be seen that the elevated booth is a “permanent” condition of the premises and
regularly used, not something temporary like liquid spilled on the floor.  See
Burns, 125 S.W.3d at 599-600 (plaintiff/non-movant presented some evidence
regarding defendant’s constructive knowledge because place of plaintiff/non-movant’s
fall was “a principle egress and ingress into the Baylor facility” and parking
garage was regularly patrolled by Baylor security officers); cf. Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex. 2002) (in slip-and-fall
case involving spilled liquid, “there must be some proof of how long the hazard
was there before liability can be imposed on the premises owner”).

          Therefore, viewing the evidence in the
light most favorable to Messer, she presented some evidence that Texas
Roadhouse had constructive knowledge that the elevated booth posed an
unreasonable risk of harm.

Failure to Exercise Reasonable Care

          We next consider whether Messer produced
some evidence raising an issue of material fact regarding whether Texas
Roadhouse failed to exercise reasonable care to reduce or eliminate this
unreasonable risk of harm.  See LMB, 201 S.W.3d at 688.  Her summary-judgment
response again refers to her three exhibits with regard to this element of her
claim.

          The photographic evidence indicates
that Texas Roadhouse marked other areas of differing elevations.  Messer
testified in her deposition that Texas Roadhouse should have marked the
elevated booth, improved the lighting, or had its waitpersons warn customers.  Viewed
in the light most favorable to Messer, this constitutes some evidence that
Texas Roadhouse failed to exercise reasonable care to reduce or eliminate this
unreasonable risk of harm.  See Scroggs v. Am. Airlines, Inc., 150
S.W.3d 256, 262 (Tex. App.—Dallas 2004, no pet.).

Proximate Cause

          The final element of Messer’s claim is
proximate cause.  See LMB, 201 S.W.3d at 688.  As with the other
elements of her claim, Messer’s summary-judgment response identifies her three
exhibits as responsive to the issue of proximate cause.

          Messer testified that she fell because
the elevated booth was not marked and no one warned her.  Viewed in the light
most favorable to Messer, this constitutes some evidence that Texas Roadhouse’s
failure to use reasonable care to reduce or eliminate the unreasonable risk of
harm was a proximate cause of Messer’s injuries.  See Scroggs, 150
S.W.3d at 262; Harwood v. Hines Interests Ltd. P’ship., 73 S.W.3d 450,
453 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Conclusion

Messer presented some evidence raising an issue
of material fact on each of the elements of her claim challenged by Texas
Roadhouse’s summary judgment motion.  See Mack Trucks, 206 S.W.3d at 582. 
Therefore, we reverse the judgment and remand this cause to the trial court for
further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Justice
Vance concurring)

(Chief
Justice Gray dissenting)

Reversed and remanded

Opinion delivered and
filed May 9, 2007

[CV06]

 









[1]
        Such a condition is often referred to as an “unreasonably
dangerous condition.”  See, e.g., LMB, Ltd. v. Moreno, 201 S.W.3d 686,
688-89 (Tex. 2006); Gagne v. Sears, Roebuck & Co., 201 S.W.3d 856,
858 (Tex. App.—Waco 2006, no pet.); Hall v. Sonic Drive-In of Angleton, Inc.,
177 S.W.3d 636, 645 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); Sanmina-SCI
Corp. v. Ogburn, 153 S.W.3d 639, 642 (Tex. App.—Dallas 2004, pet. denied).

 





[2]
          Perhaps it could be argued that
Messer’s reference to a mere “dangerous condition” was not a sufficient
response regarding the existence of an “unreasonably dangerous
condition.”  Nevertheless, in viewing the totality of Messer’s summary judgment
response, it is evident that she is referring to the existence of “a dangerous
condition for which Defendant owed Plaintiff a duty of reasonable care,”
namely, an unreasonably dangerous condition.  See Rivero v. Blue Keel
Funding, L.L.C., 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.) (“Generally,
we construe pleadings as favorably as possible to the pleader.  The pleader’s
intention will be upheld even if some element of a cause of action has not been
specifically alleged.”); see also Tanksley v. CitiCapital Commercial Corp.,
145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied) (“Summary judgment is
a harsh remedy.  Reviewing courts will strictly construe summary judgment in
procedural and substantive matters against the movant.”).